UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOSEPH BOND SIMPSON,                                                    No. 15-10250

Debtor(s).
_____/

Memorandum on Fees of Chapter 13 Counsel for Postpetition Services
_____

      Attorney Jocelyn Godinho substituted in as counsel for Chapter 13 debtor Joseph Simpson after the case was filed. She has applied for fees in the amount of $954.50 for the period from July 6, 2016, to April 12, 2017. The fees are very well earned, as Godinho spent considerable time cleaning up the mess made by Simpson's prior counsel as well as assisting Simpson with a loan modification.

      The court has no difficulty awarding these very reasonable fees, but Godinho has asked the court for a provision in the order that "Any fees not paid as an administrative expense shall be paid directly by Debtor to Debtor's counsel after plan completion." While the court finds this request proper, it notes that some bankruptcy courts are citing *Harris v. Viegelahn*, 135 S.Ct. 1829, 191 L.Ed.2d 783 (2015) for the proposition that a Chapter 13 debtor's attorney's fees are never collectible outside the Chapter 13 case. The court therefore feels the need to explain the law as the court sees it.

      The court begins by noting that the Supreme Court decision in *Harris* is not applicable to this situation. That case dealt with a case converted from Chapter 13 to Chapter 7. When a case is converted from Chapter 13 to Chapter 7, attorneys' fees incurred before conversion are treated as prepetition debts pursuant to § 727(b) of the Bankruptcy Code and are therefore discharged along

1

with all other debt. *In re Fickling,* 361 F.3d 172, 175 (2nd Cir. 2004).  However, in a dismissed Chapter 13 case there is no discharge at all.

The court disagrees quite strongly with those courts holding that when a Chapter 13 case is dismissed prior to completion the debtor's attorney is prohibited from collecting fees incurred during the case.[1]  In such instances, the attorney and client presumptively have a valid contract for the payment of such fees and the debtor's obligations under that contract have not been discharged.  All the other creditors are free to enforce their claims against the debtor, so there is no reason why the attorney should be subject to any sort of discrimination.  Nothing in § 349, which governs dismissal, provides for a different result.  Even if the court were to read § 349 as authorizing the court to bar collection of attorneys' fees, the court would have to find cause, such as a finding that the services were of no benefit or were excessive; a mere "policy" discriminating against performed and valuable legal fees is certainly insufficient.

The issue becomes more complicated when the debtor has completed the Chapter plan and obtained a discharge.  There is a statutory argument that postpetition legal fees are in essence postpetition claims allowable under § 1305(a)(2) and are included in dischargeable debts by implication of § 1328(b), which excepts claims under § 1305(a) from discharge only if the debtor could have and did not obtain approval before incurring the debt.  However, the cases are fairly uniform in holding that § 1305 is not applicable to a debtor's attorneys' fees.  See *In re Cripps,* 549 B.R. 836, 863 (Bkrtcy.W.D.Mich.2016); *In re Hanson,* 223 B.R. 775, 780 (Bkrtcy.D.Or. 1998); *In re Phillips,* 219 B.R. 1001, 1008 (Bkrtcy.W.D.Tenn. 1998).  Rather, debtor's attorney fees in Chapter 13 are administrative expenses awarded pursuant to § 330(a)(4)(B) and entitled to priority pursuant to § 503(b)(2) and § 507(a)(3).

Fees awarded to counsel in Chapter 13 cases are not explicitly excepted from discharge because § 1322(a)(2) provides that a Chapter 13 plan must provide for payment of priority claims in

---

[1]See, e.g., *In re Demery*, -- B.R. -- (Bkrtcy.W.D.La. 2017).

2

full.  While there are generally no problems with attorney's fees  in a "cookie cutter" case with no surprises arising after confirmation, great practical and legal issues arise in the unusual case where a large allowance for legal fees remains unpaid at the end of the normal 60-month term of a Chapter 13 plan.

Some courts have resolved the issue without detailed analysis, by holding that "Simply put, the Code does not discharge fees awarded under 11 U.S.C. § 330." *In re Gantz,* 209 B.R. 999, 1003 (10th Cir. BAP 1997).  Other courts have been more creative in making sure that all allowed fees to debtor's counsel are paid.  Some courts hold that the case may remain open and discharge delayed until the fees are paid, notwithstanding the 60-month plan term. *In re Brown,* 296 B.R. 20, 22 (Bkrtcy.N.D.Cal. 2003).  Other courts have held that a plan may provide, or be amended to provide, that direct payment of approved fees be made post-discharge. *Cripps,* at 865.  Still other courts have suggested that the plan may provide for a balloon payment to cover the fees before discharge or that the debtor could enter into a reaffirmation agreement pursuant to § 524. *Hanson,* at 780.[2]  The bottom line is that some method must be found to pay allowed fees, notwithstanding the Chapter 13 discharge.

In this case, the plan need only be extended a month or so in order to satisfy Godinho's allowed claim, so the court suggests this method of satisfying the claim.  If this is not practicable, any of the methods discussed above are acceptable to insure that Godinho is paid in full one way or another.

Dated:  May 18, 2017

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[2]The court finds support for these approaches in the language of  § 1322(a)(2), which provides that a Chapter 13 plan must provide for payment of priority claims in full *unless the holder of a particular claim agrees to a different treatment of such claim.*  This lends statutory authority to an agreement between a Chapter 13 debtor and his counsel that unpaid legal fees will not hold up the debtor's discharge, but in return the debtor agrees to pay the attorney directly after discharge.

3